## Mullins v. Towler, et al.

(Decided March 4, 1915.)

### Appeal from Henderson Circuit Court.

Vendor and Purchaser—Remedies of Vendor—Waiver Loss or Discharge of Lien.—The vendor of land delivered purchase money notes secured by lien retained in the conveyance, to a creditor under an agreement whereby such creditor was to collect the notes and apply the proceeds to the liquidation of his claim against the vendor, and the excess of such proceeds was to be paid by such creditor to the vendor. The creditor took a conveyance from the vendee in consideration of which he surrendered up the lien notes entrusted to him. Held that such conveyance was a payment and discharge of the notes, and the lien by which they were secured died with the notes. So when the vendor sued to recover the excess of such lien notes over the amount of his debt to the creditor mentioned, his action was not upon the notes but upon the broken promise made by the creditor, and the amount being insufficient to confer jurisdiction on this court the appeal is ordered dismissed sua sponte.

MORRIS & HART for appellant.

VANCE & HEILBRONNER for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Dismissing appeal.

On October 24, 1893, D. A. Moss sold and conveyed to George R. Mullins a certain tract of land in Henderson County, containing eighty-five acres, in consideration of four notes aggregating the sum of one thousand dollars. Mullins paid one of the notes and made a payment on the others.

On October 10, 1896, Mullins sold to the appellee, Lem Towler, fifty-two and one-half acres of the eighty-five-

acre tract, for $1,050, taking from Towler four notes, one for $75, due January 1, 1897; one for $325, due January 1, 1898; one for $325, due January 1, 1899; and one for $325, due January 1, 1900; all secured by lien on the land conveyed, retained in the deed of conveyance.

On the date of this conveyance the notes held by Moss against Mullins, including accrued interest, amounted to the sum of $939.95; and on the same day Mullins delivered the $1,050 Towler notes to Moss upon the latter's agreement to collect them as they matured to apply the proceeds to the liquidation of the debt of Mullins to Moss, after the liquidation of which the excess was to be paid by Moss to Mullins.

The notes all matured, none of them having been paid by Towler; and he sold the fifty-two and a half acres to Moss in payment of the four notes mentioned which he had theretofore executed to Mullins and which Mullins had placed in Moss' hands; and upon the execution of a conveyance of the land to Moss, Moss surrendered up to Towler the notes in question. This deed was executed on February 6, 1901. On April 28, 1902, Moss conveyed the land to Stewart, and Stewart, on November 22, 1911, conveyed it to one Smullens.

On September 25, 1913, more than twelve years after the sale of the land by Towler to Moss and the surrender of the notes by Moss to Towler, Mullins sued Moss, Towler, Stewart and Smullens in the Henderson Circuit Court to recover the sum of $110.05, the amount claimed by him to be the difference between the amount he owed Moss at the time he delivered to Moss the Towler notes and the total sum of the notes so delivered, and claiming a lien on the land to secure the payment thereof.

The defendants pleaded the five-year statute of limitations, the lower court dismissed the petition, and the plaintiff appeals.

Mullins' right of action is not upon the notes executed to him by Towler, but upon the agreement made with Moss when he delivered the notes to Moss. But for the failure of Moss to conform to that agreement there would be no present complaint.

Mullins cannot sue on the notes executed to him by Towler because he has no notes to sue on. He voluntarily delivered them to Moss upon the latter's promise to collect them and to account for the excess of the proceeds, which promise Moss failed to keep and perform.

· Towler does not owe the notes. He paid them by the conveyance he made to Moss, who held the notes at that time, under authority from Mullins to collect them, and who surrendered them to Towler in consideration of his conveyance of the land to him.

Had Towler paid the notes in cash to Moss, instead of by the conveyance, would it be claimed that Mullins could still sue Towler on the notes because he had not received the portion of the proceeds to which he was entitled under his agreement with Moss?

The notes were discharged and have ceased to exist; and the lien by which they were secured died with them. There remains nothing but the broken promise made by Moss to Mullins at the time the latter delivered the notes to him. Therefore, the only thing in controversy is the verbal promise of Moss to pay to Mullins the sum of $110.05; and as the amount in controversy is insufficient to confer jurisdiction upon this court, the appeal is ordered dismissed.